# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST MARINE, INC., <br><br>　　　　　Petitioner, <br>vs. <br>UNITED STATES and HON. GORDON R. ENGLAND, SECRETARY OF THE NAVY (In his official capacity), <br><br>　　　　　Respondents. | CASE NO. 05-CV-1189 WQH (RBB) <br><br>**ORDER GRANTING MOTION TO RECONSIDER** |

HAYES, Judge

### I.　　Introduction

By Motion for Summary Judgment, Southwest Marine, Inc. ("SWM") appealed a decision by the Armed Services Board of Contract Appeals ("ASBCA," or the "Board"). The ASBCA ruled that the nearly $3 million in attorney fees–comprising both SWM's fees and those of its adversary, the Natural Resources Defense Council ("NRDC")–for which Southwest Marine, Inc. ("SWM") sought reimbursement were "unallowable" costs under the Federal Acquisition Regulations ("FAR"), and that the Department of the Navy therefore properly denied the fees. On May 25, 2006, the Court denied SWM's summary judgment motion. On June 14, 2006, SWM filed a Motion for Reconsideration (doc. no. 17) which is presently before the Court. The Court heard oral argument on October 10, 2006, and now issues the following Order.

//

//

## II. Background

The pertinent factual background is familiar to the parties and has been set forth by the Court in its May 25, 2006 Order.

## III. Discussion

### A. The Parties' Contentions

SWM contends that the Court erred by giving *Chevron* deference to the decision of the ASBCA. SWM asserts that the Court should have determined *de novo* whether SWM's costs of defending itself in a civil lawsuit filed by a private party and resulting in the imposition of a monetary penalty are unallowable under the FAR. SWM contends that the Court did not identify an ambiguity in Title 10 U.S.C. § 2324(k), and asserts that the statute speaks to the costs at issue, leaving no room for an interpretation or expansion of the implementing regulation, FAR § 31.205-47(b). At oral argument, however, counsel for SWM stated that he agreed that the costs in the instant matter are not addressed in section 2324(k).

The Government notes that the Court found section 2324(k) to be "silent or ambiguous" as to the precise question at issue,[1] and contends that the Court correctly considered the statute as a whole in the course of rejecting SWM's contention that the statute addresses "exactly and completely the question of what costs of legal proceedings are unallowable." (Opp'n to Mot. to Reconsider 3.) With respect to the standard of review applicable to the ASBCA's application of the FAR provisions, the Government states that the FAR as a whole was incorporated into SWM's contracts (*id.* at 4-5), and asserts that although ASBCA determinations on questions of law are not final and conclusive, the Board's interpretation of contract terms "is entitled to some weight" (*see id.* at 6-7).

Asked at oral argument whether it was urging a *Chevron* analysis or not, SWM stated that it believed one should possibly be conducted with respect to 10 U.S.C. § 2324(f), but failed to identify any FAR provision claimed to be an impermissible construction of section 2324(f). SWM

---

[1] In its May 25, 2006 Order, the Court found "the precise question at issue in the instant matter to be the allowability of a contractor's legal costs incurred in connection with a private party lawsuit for violation of federal law, resulting in imposition of a monetary penalty payable to the U.S. Treasury." (May 25, 2006 Order at 13.) The Court found that, "rather than speaking directly to this precise question, section 2324(k) is either silent or ambiguous regarding it." (*Id.*)

1  stated that it did not believe FAR § 31.204–which contains the "similar or related to" principle
2  applied by the ASBCA, in conjunction with FAR § 31.205-47(b), to disallow the legal costs at
3  issue–was rendered invalid by the detail and specificity requirement of 10 U.S.C. § 2324(f).
4  Instead, SWM contended that FAR § 31.204 was inapplicable, on the grounds that SWM's legal
5  costs were allowable as falling within the general ambit of professional services costs under FAR
6  § 31.205-33.[2]

7  SWM contends that the Court erred by applying a *Chevron* analysis to the ASBCA's
8  interpretation of FAR §§ 31.204 and 31.205-47(b), despite having argued that the defect in the
9  ASBCA's interpretation of those regulations was that it contravened the intent, and exceeded the
10 scope, of 10 U.S.C. §§ 2324(k) and (f).  SWM does not contend that any given FAR provision is
11 contrary to, or exceeds the scope of, the statute it was enacted to implement.  Instead, SWM
12 asserts that the ASBCA erred in ruling that FAR §§ 31.204 and 31.205-47 operated to disallow
13 legal costs not expressly disallowed in the FAR or 10 U.S.C. § 2324, and that the Court erred by
14 failing to review the ASBCA's determination *de novo*.  SWM fails to note, however, that the Court
15 did find the ASBCA's interpretation of the FAR to be correct, and that the Court applied a
16 *Chevron* analysis in order to determine whether, as SWM itself argued, the ASBCA's
17 interpretation of the FAR provisions amounted to an impermissible construction of 10 U.S.C. §§
18 2324(k) or (f).  In addition, SWM conceded at oral argument that the costs at issue are not
19 discussed in section 2324(k)–i.e., that the statute is silent as to them.

20 The Government, which previously urged a *Chevron* analysis to determine whether the
21 ASBCA's ruling was contrary to or exceeded the scope of 10 U.S.C. § 2324(k), now contends that
22 although the Court should not give *Chevron* deference to the ASBCA's ruling, the Court should
23 approach the ASBCA's interpretation of the FAR with "careful consideration" or "great respect,"
24 on the grounds that the FAR is incorporated into the parties' contract.

25 **B.     Analysis**

26 The Court concludes that *de novo* review of the ASBCA's application of the FAR is

---

[2] FAR § 31.205-33(b) provides, in pertinent part, that costs of legal services are allowable with certain exceptions, including those set forth in FAR § 31.205-47.

1  appropriate.  The Court also finds support for the Government's position that the ASBCA's
2  interpretation of the FAR is entitled to due respect.  *See, e.g., Lear Siegler Servs., Inc. v. Rumsfeld*,
3  457 F.3d 1262, 1266 (Fed. Cir. 2006) ("The Board's interpretation of a contract is not final, and is
4  subject to *de novo* review on appeal, although due respect is often warranted by the Board's
5  experience in interpreting the Federal Acquisition Regulation (FAR).").  At the same time,
6  however, the Court must remain mindful of the general admonition against deferring to the
7  ASBCA's interpretations of statutes and regulations.  *See Brownlee v. Dyncorp*, 349 F.3d 1343,
8  1349 (Fed. Cir. 2003) ("We review the Board's decision interpreting statutes and regulations
9  without deference."); *Boeing North American, Inc. v. Roche*, 298 F.3d 1274, 1280 (Fed. Cir. 2002)
10 ("Legal determinations of the Board are reviewed without deference.").  The Court concludes that
11 the correct analysis is to first determine, *de novo*, whether the ASBCA correctly interpreted and
12 applied the FAR.  Then, if the ASBCA's interpretation of the FAR is found to be correct, a
13 *Chevron* analysis may be applied to address the issue of whether 10 U.S.C. § 2324 is silent or
14 ambiguous as to the precise question at issue, and, if so, whether the FAR provisions at issue
15 constitute a permissible interpretation of 10 U.S.C. § 2324.  Accordingly, the Court **GRANTS** the
16 Motion to Reconsider, and shall issue an Amended Order.

**IV.   Conclusion**

For the foregoing reasons, SWM's Motion for Reconsideration (doc. no. 17) is **GRANTED**.  The Court **VACATES** its May 25, 2006 Order, and will issue an Amended Order.

**IT IS SO ORDERED.**

DATED:  December 15, 2006

                                            **WILLIAM Q. HAYES**
                                            United States District Judge